FORM TO BE USED BY FEDERAL PRISONERS IN FILING A PETITION FOR WRIT OF
HABEAS CORPUS

UNDER 28 USC §2241

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 27 2010

DAVID J. MALAND, CLERK
BY
DEPUTY _____

CLINTON BURNS, III., #30564-004
                    (Petitioner)
UNITED STATES PENITENTIARY
P.O. BOX 26030 UNIT EB
FEDERAL CORRECTIONAL COMPLEX
BEAUMONT, TEXAS. 77720

Full name under which you were convicted,
prison number, and full mailing address.)

**vs.**

JOHN B. FOX, Warden., USP, Bmt,
                    (Respondent)
LOREN A. GRAYER, Warden., USP Atl,
CHRIS K. COLVIN, Unit Manager,
KENDALL TALLEY, Case Manager,
JAMES E. AUSTIN, Case Manager,
ONNIE BAXTER, JR., Counselor,

Name of Warden or other authorized person   et., al,
having custody of petitioner, and full address.)

CIVIL ACTION NO. _____
(To be completed by Court ONLY)

1:10CV0595

Federal courts have jurisdiction to entertain applications for writs of habeas corpus under
28 USC §2241 only if the petitioner is "in custody" in violation of laws, treaties or the
constitution of the United States and <u>release from prison is the ONLY relief sought</u>.

PLEASE COMPLETE THE FOLLOWING:

This petition concerns: (check appropriate blank)

_N/A_ A conviction or sentence   (If you are attacking the constitutionality of a state
                                 court trial, conviction, or sentence that you are presently
                                 serving or will serve, you should file your petition under
                                 28 USC §2254, and specific forms for this type must be used.

_N/A_ Jail or prison conditions  (You must have exhausted state remedies prior to bringing
                                 this type of complaint as a habeas petition.  If you are
                                 attacking jail or prison conditions as a civil rights
                                 complaint, you must bring your action under 42 USC §1983,
                                 and specific forms for §1983 complaints must be used.)

_N/A_ A parole problem           (If you are attacking the <u>outcome</u> of a parole decision and
                                 the remedy you want is your <u>release</u> on parole, you may
                                 bring your complaint as a habeas corpus petition under
                                 §2254; specific forms for §2254 must be used.  If you are
                                 attacking the <u>method</u> or <u>factors</u> considered by the parole
                                 board, or the <u>composition</u> of the board, you may bring your
                                 complaint as a civil rights complaint under 42 USC §1983,
                                 and specific forms for §1983 must be used.)

<u>N/A</u>  Good-time credits      (A state prisoner must have exhausted his state remedies
                          before the federal court can hear a petition for restoring
                          good time under habeas relief.)

<u>X</u>   Other, State briefly:  <u>Violations of U.S. Constitutional Amendments 1st,</u>
<u>Violations of Title</u>         <u>4th, 5th, 6th, 8th, 14th, & Federal Statute(s)</u>
<u>42 U.S.C. §1985(3)</u>         <u>"Administrative Procedure Act" Interference/</u>
<u>42 U.S.C. §1986 and</u>        <u>Interruption/Misuse of the Attorney General's</u>
<u>28 CFR §540.14(d)(5)/</u>      <u>Mandate Grievance Procedure-U.S. Justice Dept.,</u>
<u>18 U.S.C. §1831 and</u>        <u>FBOP Program Statement (PS) §3420.09 Standards</u>
<u>§2071.</u>                      <u>of Employee's Conduct.</u>

2.  Place of detention: <u>USP Beaumont</u>

3.  Name and location of court where you were convicted and sentenced for the offense(s)
    for which you are presently confined or before which you are awaiting trial.

    <u>U.S. District Court, WPB Division, Southern District of Florida</u>

    <u>sentence to a term of .... imprisonment.</u>

4.  Indictment or case number, if known: <u>95-6031-KLR</u>

5.  Year of conviction: <u>1995</u>

6.  Are you presently represented by an attorney for the claim you are making in this

    application? _____ Yes    <u>X</u>    No

    a.  If your answer is "Yes," please state the name, address and telephone number if known.

        _____<u>N/A</u>_____

    b.  If your answer is "No," please state whether you have ever in the past been repre-

        sented by an attorney for the claim you are presently making. _____ Yes  <u>X</u>  No

        If you have answered "Yes," please state the name, address and telephone number if

        known: ___<u>N/A</u>_____

7.  Offense(s) for which sentence was imposed: <u>Conspiracy to Poss. with/Int to</u>

    <u>Distribute Cocaine Base (crack).</u>

8.  Date upon which sentence was imposed and the terms of the sentence: <u>10/27/95</u>

                              <u>life</u>

9.  When was a finding of "guilty" made? (Check one)

    <u>N/A</u>  After a plea of "guilty"

    <u>N/A</u>  After a plea of "not guilty"

    <u>N/A</u>  After a plea of "nolo contendere"

10. If you were found "guilty" after pleading "not guilty," was the finding of guilt

    made by: _____X_____ a jury            _____ a judge without a jury

11. Did you appeal from the judgment of conviction and/or the imposition of sentence?

    _____X_____ Yes            _____ No

12. Did you make any motions in the trial court or appeals to other courts to reduce or

    modify the sentence? _____X_____ Yes            _____ No

    If your answer is "Yes," please complete the following for each such motion or appeal.
    Add a sheet of paper the same size as this if you need more space.  Answer "a"
    through "e" for each such motion or appeal.

    a. Name of Court: **U.S. District Court, WPB Division,**

    b. Result: **Denied**

    c. Date of Result: **12/15/99**

    d. Citation or number of opinion: **98-8740-CIV-KLR**

    e. Grounds raised: (List each one.)

       **§851 Notice was improper/Government's failure to prove substance**

       **was crack/Witness testimony was uncorrobarated pursuant to Rule**

       **602.**

13. State CONCISELY every ground on which you claim that you are being held unlawfully.
    Summarize briefly the facts supporting each ground.  If necessary, attach a single
    page behind this page.

    CAUTION: If you fail to set forth all grounds in this petition, you may be barred from
             presenting additional grounds at a later date.

    a. Ground one: **Case Manager provided PSR information to another inmate**
       **to bring to me during the ... 4:00 P.M. Count.**

       Supporting FACTS: (Tell your story BRIEFLY without citing cases or law.  You are
                          CAUTIONED that you must state facts—not conclusions—in support
                          of your grounds.  A rule of thumb to follow is —"who did exactly
                          what to violate your rights at what time or place.")

       **On May 19, 2009, during the 4:00 P.M. Count at USP Atlanta ... Case**
       Manager Kendall Talley provided PSR information to another inmate
       (James W. Jenkins) to bring to me while lockdown in my cell in an
       attempt to allow the inmate ... excess to my file(s). And following
       this write-up Petitioner was transferred to USP Beaumont in retaliation
       for a population increase as a result of the Case Manager's error.

b. Ground two: Interference with Administrative Remedy Process by

BOP staff at every level.

Supporting FACTS: Abuse" of Attorney General's Mandate Procedure-U.S.
Department of Justice., BOP Program Standards of Employee's Conduct
& [See enclosed Grievance Process]. Request for copies of the ...
investigation in Warden's BP-9 response and the result of this
withheld information.

"

"

c. Ground three: N/A

"

Supporting FACTS: "

"

"

"

"

14. Have you filed previous petitions for habeas corpus, or any other applications,
petitions or motions with respect to this conviction?          Yes          X    No

If your answer above is "Yes," give the following information:

a. Name of Court: N/A

b. Nature of proceeding: "

c. Grounds raised: "

"

"

"

d. Result: "

e. Date of Result: "

f. Case number assigned by the Court to your petition or motion: N/A

g. Citation or number of any written opinion or order entered pursuant to each such

disposition: N/A

15. Have you filed previous petitions for habeas corpus, or any other applications, petitions or motions with respect to the facts and claims you allege in this application?

_____ Yes      X  No

If your answer above is "Yes," give the following information:

a. Name of Court: _____ N/A _____

b. Nature of proceeding: _____ " _____

c. Grounds raised: _____ " _____

_____ " _____

_____ " _____

_____ " _____

d. Result: _____ " _____

e. Date of Result: _____ " _____

f. Case number assigned by the Court to your petition or motion: N/A _____

g. Citation or number of any written opinion or order entered pursuant to each such

disposition: N/A _____

16. If you filed a petition under '28 USC §2254 or other habeas corpus petitions and they were denied, state why your claim now is different from the issue(s) you raised in the earlier petition(s).

_____ N/A _____

_____ " _____

_____ " _____

_____ " _____

17. Did you present the facts relating to your present complaint in the internal prison

grievance procedure?      X  Yes               _____ No

a. If your answer to this question is "Yes," what was the result? At all stages

BOP staff failed to respond withhold or reject my Administrative

Remedy Process.

b. If your answer to this question is "No," explain why: N/A _____

_____ " _____

_____ " _____

18.   STATEMENT OF CLAIM:  If you are not attacking a conviction or sentence, state here as briefly as possible the facts of your case.  Do not give any legal arguments or cite any cases or statutes.  Attach extra pages the same size as this page if necessary.

   While confined a USP Atlanta ... during the 4:00 P.M. Count Case Manager Kendall Talley "provided PSR information to another inmate to bring to me while lock down in my cell. Thereafter, following Count procedure(s) I immediately proceeded to Mr. Talley's office to advise him "whether he was aware that he was in violation of Policy and Federal law. Case Manager Talley became belligerent and threatening ... jumping out of his chair (then) made aggressive moves towards me in reference to his action(s) by providing another inmate with sensitive document(s) to this case.

"

"

"

"

"

"

"

19.   RELIEF:  State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

   Petitioner request to be returned to the Southeast Region at a facility (Talladega Alabama) near his release address due to his "clear conduct" since being confined. Mr. Burns would (further) request that sanction(s) be imposed against BOP staff at USP Atlanta in ... conspiring to cover-up the ... misconduct of Case Manager Talley and would (also) request the removal of inmate James W. Jenkins from USP Atlanta for Mr. Talley's conspicuous behavior.

"

"

"

"

"

"

"

"

"

- 7 -

Signed this _____20th_____ day of __Sept._____, __2010__
              (date)                                   (month)         (year)

_____
Signature of Petitioner

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on: __9/20/10_____
            (date)

_____
Signature of Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

(BEAUMONT DIVISION)

CLINTON BURNS, III.,

         Petitioner,              Case No.

v.                            MOTION PURSUANT TO TITLE
                            28 U.S.C. SECTION §2241.

JOHN B. FOX, Warden., USP Bmt,
LOREN A. GRAYER, Warden., USP Atl,
CHRIS K. COLVIN, Unit Manager,
KENDALL TALLEY, Case Manager,
JAMES E. AUSTIN, Case Manager,
ONNIE BAXTER, JR., Counselor,

                et., al,

        Respondent(s).
_____/

### ADDENDUM TO TITLE 28 U.S.C. SECTION §2241

**COMES NOW**, Petitioner, Clinton Burns, III., appearing pro-se, without the benefit of counsel; (and hereinafter quoted as the Petitioner), and hereby respectfully moves this Honorable Court to accept, honor and Rule on Petitioner's Motion under Section §2241 in the affirmative.

### REASON(S) FOR GRANTING THE RELIEF SOUGHT

Petitioner Burns assert(s) the following set of fact(s) to this Honorable Court:

A). On May 19, 2009, Case Manager Kendall Talley provided "Pre-sentence/Sensitive Information" to another inmate **(James W. Jenkins)**; to deliver to me during the 4:00 P.M. Count while confined in my cell at the United States Penitentiary (USP) in Atlanta, Georgia.

B). Unit Manager Chris K. Colvin along with other staff members at USP Atlanta upheld and gave a professional [courtesy] pass to Case Manager Talley's blatent, malicious, arbitary, and conspicuous action(s) by violating the Constitution of the United States, "the Administrative Procedure Act," the U.S. Justice Department and Federal Bureau of Prisons (FBOP) Program Statement (PS) §3420.09 "STANDARDS OF EMPLOYEE CONDUCT" offense(s) #16, #27 #28, #30, #32, #35, #36, #37, #42, #44 and #54.

Mr. Burns (furhter) suggest, it is note-worthy to bring to this Court's attention that among the most pronounced federal statutes "violated by Case Manager Talley's[1] illegal action(s) was a flagrante violation of Title 42 U.S.C. Section(s) 1985(3) & Section 1986, and furthermore the action(s) of Case Manager Talley are invidious, malicious, criminal and done with hurtful intent. More to the point, it should be noted that Case Manager Talley is a (very) seasoned Case Manager ... having been employed by the Bureau of Prisons (BOP) in excess of fifteen (15) years.

---

\* footnote: (1) See FOIA request along with financial waiver for the ... personal, or any written repremands, files and complaint(s) filed by other inmates/colleagues against Case Manager Talley ... the refusal by supporting staff at USP Atlanta has been less than forthcoming; especially where the "U.S. Attorney General's Mandated Grievance Procedure are concerned. Petitioner has been stymied at every level of the Grievance process and then transfered (without ever receiving any incident report(s) to USP Beaumont in an attempt to ... discourage completion of the Grievance Process. See Warden's (6/3/09) answer to BP-9; and Reply answer was only received as a result of Mr. Burns continually prodding the Counselor (Leon) here at USP Beaumont; on November 23, 2009. Mr. Burns is (now) seeking the results of the investigation and, if any, sanctions imposed against Case Manager Talley. See Attached Exhibit's.

Petitioner has complied with the tents of PRLA and in doing so has encountered resistance from Case Manager Talley and his colleagues at USP Atlanta and even to and including the Southeast Regional Office and Central Office.

Respondent Loren A. Grayer (Warden) had an "owed-duty to Petitioner [to control his subordinates] to make sure that his security, and treatment by BOP staff, did not violate Petitioner's Constitutional rights, [U.S. Justice Dept., BOP's Program Statement §3420.09 Standards of Employee Conduct], the Administrative Procedure Act, Title 42 U.S.C. §1985(3); 42 U.S.C. §1986 and other Federal Statute(s).

Unit Manager Chris K. Colvin had an "owed-duty to Mr. Burns to correct and keep his subordinates in line as the Unit Manager of Ach Unit at USP Atlanta, and the failure to do so resulted in Case Manager Talley's violating Program Statement (PS) §3420.09 and 28 CFR §540.14(d)(5). Likewise, Title 18 U.S.C. §1831 and §2071 prohibits the distribution and removal of government records/reports and/or ... legal correspondence to unauthorized person(s).

Case Manager James E. Austin had an "owed-duty to Petitioner Burns to correct his colleague when a grave injustice has occurred, but instead "it was Case Manager Austin whom proceeded to other staff at USP Atlanta advising them of the ... Administrative Remedy Procedure initiated by Burns against Case Manager Talley ... seeking assistance from other staff members to prevent Petitioner's Remedy Process from moving forth at any cost.

Counselor Onnie Baxter, Jr., had an "owed-duty to Petitioner to make sure that the Grievance Process was adhered to (at the institutional level), work diligently to assist ... in the re-

3

solution of this quagmire.

In addition, Counselor Baxter was less then forthcoming in assisting Petitioner by providing him with a copy of the Warden's response to the BP-9 in a timely manner after ... repeated request(s) and "refusal to provide same in an effort to interrupt the Grievance Process as a whole.

Respondent Kendall Talley (Case Manager) had an "owed-duty to Mr. Burns; to assist in the "Rehabilitation effort(s)," to provide security, and treatment along with assisting with the Petitioner's eventual intergation back into society. However, Respondent's breach of his duty by discussing confidential ... information with another inmate (James W. Jenkins) pretaining to his case, then providing that inmate with Mr. Burns's PSR information "is a violation of Policy Statement (§3420.09) and Federal law ... See also 28 CFR §540.14(d)(5) and Title 18 U.S.C. §1831 and §2071.

Clearly, the Respondent's breach of their "owed-duty to Mr. Burns has resulted in the following damages: (1) a breach of Petitioner's Privacy right(s); (2) such a breach could have resulted in serious bodily injury to Mr. Burns; (3) a breach in confidentiality causing a great deal of mental stress; and (4) such Privacy violation on the part of Respondent could have resulted in the possible re-indictment of Petitioner.

Finally, there are no excuse(s) for Mr. Talley's blatent, malicious, arbitary and conspicuous "behavior from a seasoned BOP employee ... (then) the malicious transfer of Mr. Burns out

4

of the Southeast Region (without ever receiving any incident report(s) to USP Beaumont in retaliation (well over 500 miles) for exercising his right(s) due to Case Manager Talley's blatent and conspicuous[2] action(s) ... which calls for (nothing less than) a period on administrative leave (from active duty) without pay ... Lastly, Petitioner would (also) request for the removal of inmate **James W. Jenkins** (Mr. Talley's accomplice) from USP Atlanta and the "return of Mr. Burns to a facility **(Talladega Alabama)** in the Southeast Region near his release address.

CONCLUSION

**WHEREFORE,** for all the reason(s) set forth in this Motion along with the attached Exhibit's Petitioner, Clinton Burns, III., respectfully pray(s) that a Writ of Habeas Corpus is granted in the affirmative (as justice so require(s).

Respectfully Submitted,

Clinton Burns, III., #30564-004
United States Penitentiary
P.O. Box 26030 Unit EB
Federal Correctional Complex (FCC)
Beaumont, Texas. 77720
Pro-se Litigant.

---

* footnote: **(2)** Case Manager Talley's blatent and conspicuous behavior ... can only be refuted by ... Craig L. Newsome (another inmate) whom was out on the range the date of the incident.

CERTIFICATE OF SERVICE

 I **HEREBY CERTIFY**, that a true and exact copy of the foregoing

"Writ of Habeas Corpus Petition pursuant to Title 28 U.S.C. Section

§2241" has been furnished via U.S. Mail postage pre-paid to cause

delivery this 20th, day of September, 2010, to the following

individual's below:


United States District Court
  Office of the Clerk
Eastern District of Texas
300 Willow Street. (Zip: 77701)
P.O. Box 3507
Beaumont, Texas. 77704


U.S. Department of Justice
United States Attorney
Eastern District of Texas
350 Magnolia Avenue.
Beaumont, Texas. 77701



Clinton Burns, III., pro-se,3


_____

* footnote: **(3)** Petitioner request(s) that this Honorable Court take into
  consideration the "case law" established in Haines v. Kerner, and Estelle
  v. Gamble, and construe Petitioner's Motion more liberally then those of
  a professional attorney-as Mr. Burns continue(s) to proceed pro-se.

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PROBATION OFFICE

**Reginald D. Michael**
Chief U.S. Probation Officer
Wilkie D. Ferguson, Jr. U. S. Courthouse
400 North Miami Avenue,
Ninth Floor South
Miami, FL   33128

REPLY TO:
U.S. Courts
501 S. Flagler Drive, Suite 400
West Palm Beach, Florida 33401-5912
(561) 804-6894

May 12, 2009

Mr. Ken Talley, Case Manager
Federal Bureau of Prisons
United States Penitentiary
601 McDonough Boulevard SE
Atlanta, GA   30315

RE:   **Clinton Burns**
        **Reg. No. 30564-004**

Mr. Talley:

The inmate listed above has filed a second request to correct the presentence investigation report (PSR) associated with his convictions in Docket No. 95-6031-CR-RYSKAMP. The inmate also appears to challenge the validity of the government's notice of a sentencing enhancement pursuant to 21 U.S.C. § 851 and 18 U.S.C. § 3559 (c). That enhancement triggered a mandatory life sentence as to Count One, conspiracy to possess with intent to distribute cocaine base, which violated 21 U.S.C. §§ 846 and 841(a)(1). In support of the enhancement, the government cited the following prior convictions: Docket No. 85-9175CF10A, possession of marijuana; Docket No. 90-10579CF10A, possession of cocaine; Docket No. 91-18024CF10A, delivery of cocaine; Docket No. 91-18433CF10A, delivery of cocaine and delivery of cocaine within 1,000 feet of a school; and Docket No. 92-11754CF10A, possession of cocaine and possession of marijuana. All of the cited priors occurred in the 17th Judicial Circuit Court in and for Broward County, Florida.

Specifically, the inmate requests the following corrections:

1.   As to paragraph 38 of the PSR, the inmate notes that his conviction in Docket No. 90-10579CF was for *tampering with evidence* rather and not *possession of cocaine*. The PSR correctly states that the inmate was convicted of tampering with evidence in that case and, accordingly, requires no correction.

Mr. Ken Talley
May 12, 2009
Page 2

RE:   <strong>Clinton Burns</strong>

2.     As to Docket No. 91-14833CF10A, the inmate notes that the conviction in that case applies to his codefendant, Tracy Turner. A review of the inmate's PSR indicated that the PSR makes no mention of the defendant's involvement in that case, and, accordingly, the PSR requires no correction.

3.     As to paragraph 41, the inmate notes that, pursuant to U.S. v. Drayton, 113 F. 3d 1191 (11th Cir. 1997), his pleas of nolo contendere to Count One, possession of cocaine, and Count Two, possession of marijuana, in Docket No. 92-11754CF are not convictions because the court ultimately withheld adjudication as to both charges. Statutorily, those charges may not have been convictions in accordance with Drayton. However, the PSR, which addressed prior sentences, correctly assessed the inmate one criminal history point for his sentence of two years probation, pursuant to § 4A1.1(c). According to § 4A1.2(a)(1), "the term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense. Additionally, according to § 4A1.2(f), "...a diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered..." Court records indicated that the defendant pled nolo contendere in open court on August 19, 1992. Accordingly, the PSR requires no correction.

4.     As to paragraph 39, the inmate notes that his conviction for possession of cocaine in Docket No. 90-18270CF10A was not set forth as a predicate offense in the government's notice of a sentencing enhancement. Although the government did not cite the conviction in its notice, the probation officer's independent investigation revealed that the defendant pled guilty in that case on January 22, 1991 and received a sentence of 30 months imprisonment. The PSR accurately recorded and counted the prior sentence in that case and, accordingly, requires no correction.

5.     As to paragraph 40, the inmate notes that his conviction for delivery of cocaine and subsequent two year term of imprisonment in Docket No. 91-18024CF10A arose out of a invalid information. Documents that the inmate provided to the U.S. Probation Office in support of his current request included a transcript from his plea colloquy on January 13, 1992. The court noted that the information did not state that the inmate delivered cocaine to an undercover police officer and asked the assistant state attorney if the State of Florida intended to amend the information. According to the provided transcript, the assistant state attorney orally amended the information, and the court read the amended information to the inmate, who subsequently pled guilty to the amended information. The PSR accurately recorded and counted the prior sentence in that case and, accordingly, requires no correction.

Mr. Ken Talley
May 12, 2009
Page 3

RE:    **Clinton Burns**

In sum, none of the inmate's requests for correction warrant revision as the PSR is accurate. With regard to the inmate's challenge of the validity of the government's notice of a sentencing enhancement, the probation office lacks the authority to correct or change that filing.

Should you have any questions, please contact me at 561.804.6899.


Sincerely,

Michael E. Santucci
U. S. Probation Officer

MES

Reviewed by:

Virginia S. Cataldo, Supervising
U. S. Probation Officer

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant(s) _Kendall **Talley**_   _Chris K. Colvin_   James E. Austin
_____, _____, and Onnie Baxter, Jr._ was/were a
correctional officer(s) of the Federal Bureau of Prisons, and according to BOP records, still are.

The Bureau of Prisons maintains a personnel file on it's employees, and in connection therewith, maintains a file on each of it's correctional officers (with respect to administrative remedy complaints filed by inmates on each officer, disciplinary actions taken by the Bureau of Prisons of each officer, and complaints of staff against each officer.

The Plaintiff has brought a complaint under Title 28 U.S.C. Section §2241(c) wherein it is alleged that Defendant(s) did violate _____ the Plaintiff for the sole purpose of harassing the Plaintiff because _Defendant(s) had been compromised by giving another_ _inmate Plaintiff's PSR information a violation of Policy and federal law._ Plaintiff has made a request of the Regional Counsel's Office of the Bureau of Prisons, who are reluctant (or have refused) to turn over the Defendant's prison file without a Court Order pursuant to 5 USC 552 (a)(b)(11).

Defendant, _Talley_ 's personnel file may contain material concerning his conduct, discipline, and activities in regard to the treatment of inmates including the Plaintiff. Plaintiff knows from his own observations and information that Defendant _Talley_ engaged in a course of conduct against other inmates and himself which shows an animus toward other _inmate(s)._

Plaintiff also knows from first-hand experience that Defendant _Talley_ has had many administrative complaints filed against him for harassment based on prejudice against inmates at _USP Atlanta_ All of this information is relevant to this cause of action.

This Court is aware that the Defendant has excess to Burns's Prison File based on a showing of the Plaintiff's conduct, discipline, and activities while incarcerated by the Bureau of Prisons. For the same reasons it would be appropriate to grant the Plaintiff an equal opportunity with respect to a continued course of conduct by the Defendant which would show his obvious animus toward members of the _inmate population._

Title 5 USC (a)(b)(11) grants the Court authority to order the production of such files. Plaintiff respectfully requests the Court to grant his Motion for production of Defendant _Talley_ 's personnel file and all administrative remedy complaints written against him by inmates since Defendant _Talley_ has been employed by the Federal Bureau of Prisons.

Respectfully submitted this 20th day of Sept. 2010

_Clinton Burns, Pro-se_ #30964-004
United States Penitentiary
P.O. Box 26030 Unit EB
Federal Correctional Complex
Beaumont, Texas. 77720
Pro-se Litigant.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned did mail a true and correct copy of the foregoing:

**MOTION FOR COURT ORDER COMPELLING PRODUCTION OF DEFENDANT'S,**
Talley & Colvin's                **PERSONNEL FILE & MEMORANDUM OF POINTS AND AUTHORITIES.**

TO: U.S. Department of Justice
    United States Attorney
    Eastern District of Texas
    350 Magnolia Avenue.
    Beaumont, Texas. 77701

By first class mail, postage prepaid thereon, this 20th day of Sept.        , 2010.

Clinton Burns, III., pro-se

## ADMINISTRATIVE REMEDY INFORMAL RESOLUTION FORM

**INSTRUCTIONS:**

When you are unable to informally resolve the inmate's complaint, complete and attach this report to each BP-9. The BP-9 will not be accepted without this form.

| Inmate Name: Clinton Burns, III | | Reg. No. 30564-004 |
|---|---|---|
| | Date | Staff Signature |
| Form **Requested** by inmate: | 5|21|09 | |
| Form **Provided** to inmate: | 5|21|09 | |

Inmate's complaint: On May 19, 2009 during 4:00 lockdown for Count, an inmate placed a letter from the U.S. Probation Department, addressed to me, Clinton Burns, III., under the door. The aforestated letter contained personal and private information concerning my case. I asked the inmate where he had obtained this sensitive information and was informed that he was asked by Case Manager (Ken Talley-A1) to forward same to me. Following count I proceeded to Mr. Talley's office and asked him whether he was aware that my letter contained sensitive information, and why he would place same in the possession of another inmate. Case Manager Talley became belligerent, jumping out of his chair and stating "Well, what do you want me to do"?. Mr. Talley made aggressive moves ...

**(continued)**

Action taken to informally resolve complaint:

Staff acted properly your documents were delivered timely in a Confidential manner

| **INFORMAL RESOLUTION ACCEPTED BY:** | Date: |
|---|---|
| Inmate's Signature: | Date: |
| Inmate Name (Printed): | |
| Staff's Signature: | Date |
| Staff Name and Title (Printed): | |
| **INFORMAL RESOLUTION REJECTED BY:** | Date: |
| Inmate's Signature: | Date: |
| Inmate's Name (Printed): | |
| Staff Signature: | Date: |
| Staff Name and Title (Printed): | |
| Date BP-9 Provided to Inmate: | |

Original:   Unit Manager (when resolution is accepted) or
            Forward with BP-9 (when resolution is not accepted)
Copy:       To inmate

**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY NO. 540938-F1**

**Inmate Name: Burns, Clinton**                              **Reg. No. 30564-004**

This is in response to your Request for Administrative Remedy dated June 1, 2009, wherein you claim staff allowed another inmate access to sensitive personal information. Specifically, you state staff gave another inmate paperwork from the Southern District of Florida to deliver to you. You claim when you approached staff regarding this matter, they threatened you and were very unprofessional. You request an investigation be conducted regarding this matter.

This matter has been referred for investigation; however, you will not be notified of the results of this investigation.

This response is for informational purposes only. If dissatisfied with this response, you may submit an appeal on the appropriate form (Regional Administrative Remedy Appeal/BP-10) within 20 calendar days of the date of this response to the Southeast Regional Director, 3800 Camp Creek Parkway, S.W., Building 2000, Atlanta, Georgia 30331-6226.

_____               _____
        Loren A. Grayer, Warden                              Date

LEAVENWORTH KANSAS

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Burns, Clinton III | 30564-004 | A1 | USP Atlanta |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**   This formal Grievance is brought forth in regards to an incident which occured on May 19, 2009 in Ach Unit. During 4:00 lockdown an inmate placed a letter from the U.S. Probation Department for the Southern District of Florida under my door, addressed to Clinton Burns III. I begin to read the letter and found that it contained specific information about my case and other personal information. I knowcked on the door and asked the inmate where he had obtained this letter and was informed that "Talley told me to give it to you.", referring to Case Manager Talley (Ach Unit). Following count procedures I immediately proceeded to Mr. Talley's office and asked whether he was aware that the aforementioned letter contained sensitive and personal information, not available to others. I also asked Mr. Talley why he would give sensitive documents to other inmates for delivery given the policy against possession of PSR and Judgment information. Case Manager Talley became belligerent, jumping out of his chair and stating "Well, what do you want me to do?" Mr. Talley made aggressive moves towards me and when advised that he was in violation of policy and federal law Mr. Talley stated "Well do what you have to do then." Specifically, Case Manager Talley's actions violateProgram Statement 3420.90 which prohibits the distribution of official government information. Likewise, 28 CFR §540.14(d)(5) provides that disclosure of sensitive correspodence is prohibited. I have reported to the Inspector General these actions and am requesting investigation as other federal laws prohibit the disclosure and removal of government records and reports to unauthorized persons. See also Title 18 U.S.C. §§ 1831 and 2071. Recent policy precludes an inmate from possessing presentence and Judgment information and, the sensitive documents **(attached**  given to another inmate by Mr. Talley were part and parcel of PSR and Judgment information being forwarded by the Probation office. My concerns are that Mr. Talley violated federal law, next, his belligerent and threatening behavior are

| DATE | unacceptable. I request investigation and sanctions. SIGNATURE OF REQUESTER |
|---|---|

**Part B– RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: _____

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

towards me and when advised that he was in violation of policy and federal law **Mr.** Talley stated "Well do what you have to do then." Specifically, Mr. Talley's actions violate federal law which **dictate** that disclosure of correspondence should not be revealed to any other person. <u>See</u> **28 CFR §540.14(d)(5)**. Likewise, Title 18 U.S.C. §1831 and §2071 prohibit the removal and/or disclosure of all government Records and Reports to persons not authorized. It is a fortiori that no other inmate is allowed to possess my correspondence, particularly in a situation in which he is unsupervised and I was unable to proceed from my cell in order to meet with Mr. Talley to obtain such **sensitive** and personal information. My concerns are twofold, First, Mr. Talley violated federal law by placing **sensitive** government Reports and Records in the possession of another inmate. Further, Mr. Talley became belligerent and threatening when confronted with this error and was implacable. I request **an** investigation (in this matter) and upon finding of any improper conduct, I'am requesting that full sanctions be imposed. <u>See</u> also PS 3420.90.

May 21, 2009

Clinton Burns, III

cc: Inmate File
    Inspector General

Attachment to Informal Resolution

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Clinton Burns, III__       __#30564-004__       __Ach 1__       __USP-Atl__
    LAST NAME, FIRST, MIDDLE INITIAL.        REG NO.         UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**
This appeal is brought (only now) in regards to an incident (during which I was transfered from USP Atlanta to USP Beaumont) which occurred on May 19, 2009, in Ach Unit. During the 4:00 P.M. count an inmate (James W. Jenkins) placed a document from the U.S. Probation Office for the Southern District of Florida under my cell door, addressed to me Clinton Burns, III. As I begin to read this document I found that it contained specific information about my case and other personal ... "information. I knocked on the door and asked the inmate where did he obtained the document(s)!! and was advised that "Talley told me to give it to you," referring to Case Manager Talley (Ach Unit). Following count procedures I immediately proceeded to Mr. Talley's office and asked him whether he was aware that the aforementioned document(s) contained ... sensitive and personal information, not available to others. I also (further) advised Mr. Talley "why would he give such sensitive documents to another inmate for delivery given the policy against possession of PSR. Case Manager Talley became belligerent, jumping out of his chair and stating "well, what do you want me to do?" Mr. Talley (then) made

__8/24/09__
    DATE

__Clinton Burns III__
    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

 

 

_____          _____
    DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

**Part C—RECEIPT**

                                        CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL.        REG NO.         UNIT        INSTITUTION

SUBJECT: _____

aggressive moves towards me and when advised that he was in violation of policy and federal law Mr. Talley stated "well do what you have to do then." Specifically, Case Manager Talley's actions violates Program Statement 3420.90 unauthorized dissemination of official information. Likewise, 28 CFR 540.14(d)(5) provides that disclosure of sensitive ... correspondence is prohibited. In addition, these violations were (also) reported to the Inspector General requesting an investigation (into this matter) as other federal laws prohibit the disclosure and removal of government record(s) and/or report(s) to unauthorized person(s). See also 18 U.S.C. §§ 1831 and 2071. Recent policy precludes inmates from possessing Pre-sentence Report (PSR) information and, the sensitive document(s) (attached) given to another inmate by Mr. Talley were part and parcel of PSR information being forwarded by the Probation Office. In any event, no response was ever filed by the Warden to this administrative Remedy within the required twenty (20) days. I proceeded to mainline and advised the Warden (Loren A. Grayer) that I never received a response to the sensitive nine (9) nor had I received any notice of an extension. Thereafter, on the morning of July 13, 2009, at 7:00 A.M. I was instructed to report to the SIA's office at USP Atl via the office of the Inspector General (OIG). During this meeting with SIA ... I basically advised SIA of the requested incident and Mr. Talley's reason or reason(s) for providing Inmate Jenkins (whom is a CI for Mr. Talley) with the PSR information "stating he could not remember what cell I was in." Finally, after this meeting with the SIA I was transfered two (2) weeks later to USP Beaumont ... after inmate Jenkins lied "stating Mr. Talley was standing by the stairs in Ach Unit when he brought the PSR to my cell ... when Mr. Talley was in fact in his office "according to Craig L. Newsome another inmate whom was also out on the range the date of the incident. Lastly, On July 27, 2009, (as noted above I was instructed to report to R & D with my property for) transfer to USP Beaumont in retaliation out of my region (well over 500 miles) for ... exercising my right(s) due to Case Manager Talley's neglect coercing inmate Jenkins to lie for him to cover up his error." And for those reason(s) ... is "why I now bring this appeal (as a result of recently receiving my property) requesting a further investigation into the action(s) of Case Manager Talley along with Unit Manager Chris K. Colvin in this cover up ... transfering me out of the Southeast region without ever receiving an incident report since being confined.

Sincerely,

Clinton Burns, III

August 24, 2009

cc: Inmate File

Attachment to Appeal

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 9, 2009

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SOUTHEAST REGIONAL OFFICE

TO  : CLINTON BURNS, 30564-004
      BEAUMONT USP    UNT: E/B^   QTR: E03-308L
      P. O. BOX 26035
      BEAUMONT,  TX 77720

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 555355-R1      REGIONAL APPEAL
DATE RECEIVED   : SEPTEMBER 4, 2009
SUBJECT 1       : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REMARKS         : YOU MUST FILE APPEALS WWITH YOUR DESIGNATED
                  REGIONAL OFFICE.

U.S. Department of Justice

Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Clinton Burns, III__     __#30564-004__     __EB__     __Beaumont USP__
         LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A - REASON FOR APPEAL**

    This final Administrative Remedy Appeal is brought (once again) in regards to an incident (during which I was transfered from USP Atlanta to USP Beaumont) which occurred on May 19, 2009, in Ach Unit. During the 4:00 P.M. count an inmate (James W. Jenkins) placed a document from the U.S. Probation Office for the Southern District of Florida under my cell door, addressed to me Clinton Burns, III. As I begin to read this document I found that it ... contained specific information about my case and other personal ... information. I knocked on the door asked the inmate where did he obtained the document(s)!! and was advised that "Talley told me to give it to you," referring to (Kendall Talley) Case Manager (Ach Unit). Following count procedures I immediately proceeded to Mr. Talley's office and asked him whether he was aware that the aforementioned document(s) contained ... sensitive and personal information, not available to others. I also (further) advised Mr. Talley "why would he give such sensitive document(s) to another inmate for delivery given the policy against possession of PSR. Case Manager Talley became belligerent, jumping out of his chair and stating "well, what do you want me to do?" Mr. Talley (then) (continue)

__9/24/09__                           __Clinton Burns III__
    DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

 

 

DATE                                    GENERAL COUNSEL

**ORIGINAL: RETURN TO INMATE**             CASE NUMBER: _____

**Part C - RECEIPT**

                                       CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

USP LVN

made aggressive moves towards me and when advised that he was in violation of policy and federal law Mr. Talley stated "well do what you have to do then." Specifically, Case Manager Talley's action(s) violates Program Statement (PS) 3420.90 unauthorized dissemination of official information. Likewise, 28 CFR §540.14(d)(5) provides that disclosure of sensitive ... correspondence is prohibited. In addition, these violation(s) were (also) reported to the Inspector General ... requesting an investigation (into this matter) as other federal laws prohibit the disclosure and removal of government record(s) and/or report(s) to unauthorized person(s). See also 18 U.S.C. §§ 1831 and 2071. Recent policy precludes inmates from possessing Pre-sentence Report (PSR) ... information and the sensitive document(s) (attached) given to another inmate by Mr. Talley were part and parcel of PSR information being forwarded by the Probation Department. In any event, no response was ever filed by the Warden (after delivery of the BP-9 to him) within the required twenty (20) days. Thereafter, on two (2) different occasion I (again) proceeded to mainline and advised the Warden (Loren A. Grayer) that I never received any notice of an extension to the BP-9. On the morning of July 13, 2009, I was instructed to report to the SIA's office at USP Atlanta ...via the Office of the Inspector General (OIG). During this meeting with SIA ... I basically advised SIA of the reported incident and Mr. Talley's reason or reason(s) for providing inmate Jenkins (whom is a CI for Mr. Talley) with the PSR information ... "stating he could not remember what cell I was in." More to the point, after this meeting with the SIA I was transfered two (2) weeks later to USP Beaumont ... after inmate Jenkins lied" ... stating Mr. Talley was standing by the stairs in Ach Unit when he brought the PSR to my cell ... when Mr. Talley was in fact in his office "according to Craig L. Newsome another inmate whom was out on the range the date of the incident. On July 27, 2009, (as noted above I was instructed to report to R & D with my property for) transfer to USP Beaumont in "retaliation out of my region (well over 500 miles) for exercising my right(s) due to Case Manager Talley's neglect "coercing inmate Jenkins to lie for him to cover up his error. On August 24, 2009, I proceeded with my Regional Administrative Appeal Remedy "advising the Southeast Regional Office of the reported incident and Warden Grayer's refusal to respond to the BP-9 and my sudden transfer to Beaumont, Texas. On September 9, 2009, the Southeast Regional Administrative Coordinator forwarded a notice of ... rejection of my appeal (see attachment) stating: (1) my request or appeal to wrong level. You should have filed at the institution for Warden's review and response before filing appeal to this level and (3) must file appeal with your designated Regional Office. Too the contrary, all procedures were properly followed as explained in the appeal process and Warden Grayer's refusal to respond to the BP-9 along with the Southeast Regional Office failure to accept the BP-10 "is a complete violation of the Administrative Remedy process (at every level) in an attempt to deprive me of my right to appeal. And for those reason(s) is "why I now bring this BP-11 for a further investigation into the action(s) of Case Manager Talley along with Unit Manager Chris K. Colvin in this cover up ... transfering me out of the Southeast Region without ever receiving an incident report since being confined. A further investigation is Warranted and until completed. It is my request that Case Manager Talley be placed on ... Administrative leave without pay (for his neglect) until a proper investigation has been concluded and my return to a facility (Talladega Alabama) in the Southeast Region.

Sincerely,

Clinton Burns, III

cc: Inmate File              Attachment(s) to Appeal

September 24, 2009.

2

Clinton Burns, III., #30564-004

United States Penitentiary

P.O. Box 26030 Unit EB

Federal Correctional Complex

Beaumont, Texas. 77720

<u>September</u> 24, 2009

Federal Bureau of Prisons
Central Office
320 First Street, N.W.
Washington, D.C. 20534

Re: Unprofessional, Inappropriate Conduct or Misconduct
    By Staff. <u>Burns v. The Bureau of Prisons</u>, Remedy ID
    No. 555355-R1.

Dear. Sir(s)., Madam(s),

    This cover letter is brought herein in support of the
above-styled Administrative Remedy involving a staff member
at USP Atlanta for violating Program Statement (PS) 3420.90
"unauthorized dissemination of official information to ano-
ther inmate.

    Moreover, this Administrative Remedy details interference
by BOP staff ... as well as the Warden (Loren A. Grayer's)
failure to respond to the BP-9 and my sudden transfer (without
ever receiving an incident report) to USP Beaumont along with
the Southeast Regional Office recent, rejection of my (BP-10)
Administrative appeal in an attempt to interrupt the grievance
process.

    Furthermore, at every stage that I've attempted to submit
or get an answer to the enclosed "Adminstrative Remedy following
all necessary procedure(s) ... BOP staff at every level has ...
violated the grievance process by refusal to respond or reject
my Administrative Remedy process.

    In addition, I'am requesting that this office intervene or
participate (in this matter) into the action(s) of Case Manager
Kendall Talley, for (violating BOP Policy) providing another
inmate (James W. Jenkins) with Pre-sentence Report (PSR) infor-
mation to my case.

    Finally, because of the sensitive nature of the document(s)
distributed by Mr. Talley to an unauthorized person. It is my
request that Case Manager Talley be placed on Administrative
leave pending the outcome of a complete and proper investigation
and my return to a facility (Talladega Alabama) in the Southeast
Region.

Page 1 of 2

Sincerely,

Clinton Burns, III

cc: Inmate File
    Central Office

September 24, 2009.

Page 2 of 2

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 19, 2009

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO   : CLINTON BURNS, 30564-004
       BEAUMONT USP    UNT: E/B     QTR: E03-308L
       P. O. BOX 26035
       BEAUMONT,  TX 77720

RECEIVED

NOV 2 3 2009

Warden's Office
USP Beaumont, TX

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY·FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 555355-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 2, 2009
SUBJECT 1       : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REMARKS         : YOU MUST ADDRESS THIS ISSUE AT THE INSTITUTION LEVEL
                  FIRST.