IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLINTON BURNS, III,

        Plaintiff,

v.

JOHN B. FOX, Warden, et al.,

        Defendants.

1:10-cv-3667-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Clinton Burns, III's ("Plaintiff") Motion for Relief from a Void Judgment Pursuant to Fed. R. Civ. P. Rule 60(d)(3) [111] ("Motion for Relief"), Motion for Leave to File Surreply [113], and Motion for Leave to Supplement the Record [114].

**I.    BACKGROUND**

On November 29, 2010, Plaintiff, a prisoner, filed his Complaint [9] alleging that certain prison employees had violated his civil rights. He asserted that Defendant Kendall Talley ("Talley"), a case manager, violated Plaintiff's privacy rights by giving information from his Presentence Investigation Report ("PSR") to a fellow inmate for that inmate to deliver to Plaintiff. When Plaintiff complained, Talley allegedly responded in a threatening and belligerent manner. Plaintiff

asserts that he was transferred to another prison in retaliation for seeking administrative relief.

On January 21, 2014, the Magistrate Judge issued his Final Report and Recommendation [92] ("R&R"), recommending the dismissal of Plaintiff's Complaint for failure to exhaust his administrative remedies. The Magistrate Judge found that Plaintiff did not exhaust the three levels of administrative review available to him. Plaintiff did not raise his retaliatory transfer claims in his initial administrative complaint, he filed his first administrative appeal at the wrong regional office, he filed his second administrative appeal before correctly filing his first appeal, and he failed to remedy any of these deficiencies. On February 19, 2014, the Court adopted [96] the R&R, rejected Plaintiff's objections, and dismissed Plaintiff's Complaint ("February Judgment"). On April 2, 2014, the Court denied [101] Plaintiff's Motion to Alter or Amend the February Judgment. On September 17, 2014, the Court of Appeals for the Eleventh Circuit dismissed [108] Plaintiff's appeal as frivolous.

On December 15, 2015, Plaintiff, proceeding *pro se*, filed his Motion for Relief. In it, he seeks, under Rule 60(d)(3) of the Federal Rules of Civil Procedure ("Rule 60(d)(3)"), to set aside the Court's February Judgment because of "fraud on the court." Fed. R. Civ. P. 60(d)(3). Plaintiff asserts (1) that Talley, in his

2

declaration, falsely stated that he watched an inmate deliver the PSR information to Plaintiff, (2) that Defendant Onnie Baxter, Jr. ("Baxter"), in his declaration, falsely stated that he never withheld administrative remedy forms or responses from Plaintiff, and (3) that the Government knowingly sent to Plaintiff's previous address Defendants' response to Plaintiff's R&R objections.  On December 23, 2015, Defendants filed their Response to Plaintiff's Motion for Relief from a Void Judgment Pursuant to Fed. R. Civ. P. 60(d)(3) [112] ("Response").  On January 4, 2016, Plaintiff filed his Motion for Leave to File Surreply, seeking leave to reply to Defendants' Response.  On January 25, 2016, Plaintiff filed his Motion for Leave to Supplement the Record, seeking leave to add a footnote to his reply.[1]

## II.   DISCUSSION

### A.   Legal Standard

Rule 60(d)(3) permits a litigant to obtain relief from a final judgment or order if he can show "fraud on the court."  Fed. R. Civ. P. 60(d)(3).  "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the

---

[1] The Court grants Plaintiff's Motion for Leave to File Surreply and Motion for Leave to Supplement the Record.  Plaintiff's reply and supplement are attached to, or included in, his respective motions.  In ruling on Plaintiff's Motion for Relief, the Court considers Plaintiff's reply, as supplemented.

fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Galatolo v. United States, 394 F. App'x 670, 672 (11th Cir. 2010) (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)).  "An action for fraud upon the court should be available only to 'prevent a grave miscarriage of justice.'" Id. (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)).  A party seeking relief under Rule 60(d)(3) "must show an 'unconscionable plan or scheme' to improperly influence the court's decision." Id.

"[F]raud on the court must be established by clear and convincing evidence." Gupta v. U.S. Atty. Gen., 556 F. App'x 838, 840 (11th Cir. 2014). "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." Galatolo, 394 F. App'x at 672 (quoting Booker v. Dugger, 825 F.2d 281, 284-85 (11th Cir. 1987)).  Plaintiff must show that "the challenged outcome was actually obtained through—or at least impacted by—the alleged fraud." Gupta, 556 F. App'x at 840.

    B.    <u>Analysis</u>

Plaintiff asserts (1) that Talley, in his declaration, falsely stated that he watched an inmate deliver the PSR information to Plaintiff, (2) that Baxter, in his

4

declaration, falsely stated that he never withheld administrative remedy forms or responses from Plaintiff, and (3) that the Government knowingly sent to Plaintiff's previous address Defendants' response to Plaintiff's R&R objections.  This alleged misconduct does not constitute "fraud on the court."  Fed. R. Civ. P. 60(d)(3).

Plaintiff's allegation that the Government sent Defendant's response to Plaintiff's previous address is insufficiently egregious to warrant relief under Rule 60(d)(3).  Plaintiff's perjury allegations also are insufficient because "perjury is not fraud on the court."  Forsberg v. Pefanis, 634 F. App'x 676, 681 (11th Cir. 2015); see Rodriguez v. Honigman Miller Schwartz & Cohn LLP, 465 F. App'x 504, 509-10 (6th Cir. 2012) ("Plaintiff's allegation that [a witness] made false statements in his affidavit is . . . insufficient to demonstrate deception of the court sufficient to sustain an action for fraud on the court because alleged perjury of a witness is not a ground for such an action."); see also id. at 508 (stating that fraud on the court requires misconduct "(1) On the part of an officer of the court; (2) That is directed to the 'judicial machinery' itself").

Even if the alleged misconduct constituted fraud on the Court, Plaintiff does not support his allegations with clear and convincing evidence.  He offers no evidence beyond his own signed declaration, which simply asserts that the misconduct occurred.  (See [111.2]).  This is insufficient to warrant relief under

Rule 60(d)(3). See Forsberg, 634 F. App'x at 681 (finding that plaintiff's "unsubstantiated allegations about false statements . . . and false affidavits are conclusory averments of the existence of fraud" and do not justify relief under Rule 60(d)(3)); see also Gupta, 556 F. App'x at 841 (affirming the district court's denial of plaintiff's Rule 60(d)(3) motion, including because plaintiff's "allegation that the government presented a perjured affidavit is at best tenuously supported by the documents [plaintiff] presented").

Plaintiff also has not shown that "the challenged outcome was actually obtained through—or at least impacted by—the alleged fraud." Gupta, 556 F. App'x at 841. The allegations against Talley and the Government are "unrelated to the [Court's] underlying determination" that Plaintiff failed to exhaust his administrative remedies. Id. The allegation that Baxter withheld administrative appeal forms and an administrative remedy response also did not influence the Court to dismiss Plaintiff's Complaint. The Court stated that Plaintiff's first administrative appeal was rejected not because it was untimely but because it was filed at the wrong regional office and Plaintiff failed to remedy this deficiency. Plaintiff's second administrative appeal was rejected because Plaintiff failed to correctly file his first appeal.

The Court stated further that, even accepting Plaintiff's allegation that he did

not receive a copy of the response to his administrative complaint until months after it was issued, Plaintiff was not prevented from continuing the administrative review process.  Plaintiff's retaliatory transfer claims also were dismissed because Plaintiff failed to raise them in his initial administrative complaint, not because he was denied access to the necessary forms.  Plaintiff has not shown that he warrants relief under Rule 60(d)(3).

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from a Void Judgment Pursuant to Fed. R. Civ. P. Rule 60(d)(3) [111] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Surreply [113] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Supplement the Record [114] is **GRANTED**.

**SO ORDERED** this 13th day of June, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE