IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLINTON BURNS, III,

         Plaintiff,

v.

JOHN B. FOX, Warden, et al.,

         Defendants.

1:10-cv-3667-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Clinton Burns, III's ("Plaintiff") Motion to Alter or Amend [116] ("Motion to Alter").

**I.     BACKGROUND**

On November 29, 2010, Plaintiff, a prisoner, filed his Complaint [9] alleging that prison employees violated his civil rights. He asserted that Defendant Kendall Talley ("Talley"), a case manager, violated Plaintiff's privacy rights by giving information from his Presentence Investigation Report ("PSR") to a fellow inmate for that inmate to deliver to Plaintiff. When Plaintiff complained, Talley allegedly responded in a threatening and belligerent manner. Plaintiff claimed he was transferred to another prison in retaliation for seeking administrative relief.

On January 21, 2014, the Magistrate Judge issued his Final Report and

Recommendation [92] ("R&R"), recommending the dismissal of Plaintiff's Complaint for failure to exhaust his administrative remedies.  The Magistrate Judge found that Plaintiff did not exhaust the three levels of administrative review available to him.  Plaintiff did not raise his retaliatory transfer claims in his initial administrative complaint, he filed his first administrative appeal at the wrong regional office, he filed his second administrative appeal before correctly filing his first appeal, and he failed to remedy any of these deficiencies.  On February 19, 2014, the Court adopted the R&R, rejected Plaintiff's objections, and dismissed Plaintiff's Complaint.  ([96] ("February 2014 Order")).

On April 2, 2014, the Court denied [101] Plaintiff's Motion to Alter or Amend [98] the February 2014 Order.  On April 11, 2014, Plaintiff filed his Notice of Appeal of the Court's April 2, 2014, Order.  ([102]).  On September 17, 2014, the Court of Appeals for the Eleventh Circuit dismissed [108] Plaintiff's appeal as frivolous.  On December 3, 2014, the Court of Appeals denied [109] Plaintiff's motion for reconsideration.

On December 15, 2015, Plaintiff filed his Motion for Relief from a Void Judgement Pursuant to Fed. R. Civ. P. Rule 60(D)(3) [111] ("Motion for Relief"), seeking to set aside the Court's February 2014 Order because of "fraud on the court."  Fed. R. Civ. P. 60(d)(3).  Plaintiff asserted (1) that Talley, in his

declaration, falsely stated that he watched an inmate deliver the PSR information to Plaintiff, (2) that Defendant Onnie Baxter, Jr. ("Baxter"), in his declaration, falsely stated that he never withheld administrative remedy forms or responses from Plaintiff, and (3) that the Government knowingly sent to Plaintiff's previous address Defendants' response to Plaintiff's R&R objections.  On June 13, 2016, the Court denied Plaintiff's Motion for Relief because the alleged conduct did not constitute "fraud on the court," was not supported by clear and convincing evidence, and did not cause or materially impact the Court's prior finding that Plaintiff failed to exhaust his administrative remedies.  ([115] ("June 2016 Order")).

On June 23, 2016, Plaintiff, proceeding *pro se*, filed his Motion to Alter.  Relying on Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff asks the Court to "vacate" its June 2016 Order.  ([116] at 4).  Plaintiff argues that he was not required to exhaust his administrative remedies because prison officials prevented him from doing so and thus his remedies were not "available" under Ross v. Blake, 136 S. Ct. 1850 (June 6, 2016).

## II. DISCUSSION

### A. Legal Standard

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 906 n.5 (11th Cir. 1993). The Court does not reconsider its orders as a matter of routine practice, LR 7.2(E), NDGa, and "reconsideration of a previous order is an extraordinary remedy to be employed sparingly," Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). Motions for reconsideration must be filed "within twenty-eight (28) days after entry of the order or judgment." LR 7.2(E), NDGa.

Motions for reconsideration under Rule 59(e) are appropriate only where there is newly-discovered evidence,[1] or a need to correct a manifest error of law or fact. See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008); see Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for

---

[1] Evidence that could have been discovered and presented on the previously filed motion is not newly discovered. See Arthur v. King, 500 F.3d 1335, 1343-44 (11th Cir. 2007); see also Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("We join those circuits in holding that where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

4

granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."); Jersawitz v. People, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment.  See Arthur, 500 F.3d at 1343-44; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").  "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King, 181 F. Supp. 2d at 1369.  Whether to grant a motion for reconsideration is "committed to the sound discretion of the district judge." Townsend v. Gray, 505 Fed. App'x 916, 917 (11th Cir. 2013) (per curiam).

granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."); Jersawitz v. People, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).

A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment.  See Arthur, 500 F.3d at 1343-44; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").  "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King, 181 F. Supp. 2d at 1369.  Whether to grant a motion for reconsideration is "committed to the sound discretion of the district judge." Townsend v. Gray, 505 Fed. App'x 916, 917 (11th Cir. 2013) (per curiam).

B.  Analysis

Plaintiff's Motion to Alter does not assert facts justifying relief under Rule 59(e).  Plaintiff's argument that he was prevented from accessing his administrative remedies, and thus satisfied the exhaustion requirement, has no bearing on the Court's June 2016 Order that he seeks to vacate.  The June 2016 Order found that Plaintiff failed to show Defendants committed fraud on the Court.[2]  It did not address the Court's prior finding, in 2014, that Plaintiff "did not properly exhaust his administrative remedies prior to filing this suit."  ([96] at 2; see also [101] (denying Plaintiff's motion to alter or amend the Court's prior order dismissing Plaintiff's Complaint for failure to exhaust his administrative remedies)).

To the extent Plaintiff means to challenge the Court's February 2014 Order dismissing his Complaint for lack of exhaustion, his Motion to Alter also fails.  Ross found that an inmate "must exhaust available remedies, but need not exhaust unavailable ones."  Ross, 136 S. Ct. at 1858.  The Supreme Court stated

---

[2]  Rule 60(d)(3) permits a litigant to obtain relief from a final judgment or order if he can show "fraud on the court."  Fed. R. Civ. P. 60(d)(3).  "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."  Galatolo v. United States, 394 F. App'x 670, 672 (11th Cir. 2010) (internal quotation marks omitted) (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)).

that an administrative remedy is "unavailable" where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.  This does not change the law of this Circuit because, even before Ross, "it [was] axiomatic that a prison administration may not thwart an inmate's attempts to exhaust administrative remedies, then cite the inmate's failure to exhaust as a defense to an action filed in court." Scaff-Martinez v. Reese, No. 1:10-cv-00549-CLS, 2012 WL 6754889, at *10 (N.D. Ala. Aug. 31, 2012), report and recommendation adopted, No. 1:10-cv-00549, 2012 WL 6754893 (N.D. Ala. Dec. 27, 2012).

Plaintiff previously used this language from Reese in his objections to the R&R and in his motion challenging the Court's February 2014 Order.  (See [94] at 4-5; [98] at 2).  His argument was rejected by both this Court and the Court of Appeals.  ([96]; [101]; [106]).  Plaintiff does not explain why his previously rejected argument should now be accepted, and fails to offer specific facts—much less new facts—showing that his administrative remedies were unavailable.  See Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001) ("[A] motion for reconsideration should not be used to reiterate arguments that have been made previously.").  Plaintiff has not shown "extraordinary

7

circumstances" warranting relief, and his Motion to Alter is denied. Id. (motions for reconsideration "should be reserved for extraordinary circumstances").[3]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Clinton Burns, III's Motion to Alter or Amend [116] is **DENIED**.

**SO ORDERED** this 4th day of November, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Plaintiff seeks to challenge the Court's February 2014 Order, his Motion to Alter also is untimely because motions for reconsideration must "be filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment." LR 7.2(E), NDGa.